UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**08-80069**

**CIV-MARRA**

MAGISTRATE JUDGE
JOHNSON

JANE DOE NO. 1, by and through
JANE DOE's FATHER as parent and natural
guardian, and JANE DOE's FATHER, and
JANE DOE's STEPMOTHER, individually,

        Plaintiffs,

vs.

JEFFREY EPSTEIN,

        Defendant.
_____/

FILED by ___ D.C.
INTAKE

JAN 24 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## COMPLAINT

Plaintiff, Jane Doe No. 1 ("Jane" or "Jane Doe"), by and through Jane Doe's Father as parent and natural guardian, and Jane Doe's Father and Jane Doe's Stepmother, individually, bring this Complaint against Jeffrey Epstein, as follows:

### Parties, Jurisdiction and Venue

1. Jane Doe is a citizen and resident of the State of Florida. She is a minor under the age of 18 years.

2. Jane Doe's Father brings this action individually and as parent and natural guardian of Jane Doe. Jane Doe's Father is a citizen and resident of the State of Florida.

3. Jane Doe's Stepmother brings this action individually. Jane Doe's Stepmother is a citizen and resident of the State of Florida.

4. This Complaint is brought under fictitious names to protect the identity of the Minor Plaintiff because this Complaint makes sensitive allegations of sexual assault and abuse upon a

HERMAN & MERMELSTEIN, P. A.                                                                    www.hermanlaw.com

- 1 -

minor.

5. Defendant Jeffrey Epstein is a citizen and resident of the State of New York.

6. This is an action for damages in excess of $50 million.

7. This Court has jurisdiction of this action and the claims set forth herein pursuant to 28 U.S.C. §1332(a), as the matter in controversy (i) exceeds $75,000, exclusive of interest and costs; and (ii) is between citizens of different states.

8. This Court has venue of this action pursuant to 28 U.S.C. §1391(a) as a substantial part of the events or omissions giving rise to the claim occurred in this District.

### Factual Allegations

9. At all relevant times, Defendant Jeffrey Epstein ("Epstein") was an adult male, 52 years old. Epstein is a financier and money manager with a secret clientele limited exclusively to billionaires. He is himself a man of tremendous wealth, power and influence. He maintains his principal home in New York and also owns residences in New Mexico, St. Thomas and Palm Beach, FL. The allegations herein concern Epstein's conduct while at his lavish estate in Palm Beach.

10. Upon information and belief, Epstein has a sexual preference and obsession for underage minor girls. He engaged in a plan and scheme in which he gained access to primarily economically disadvantaged minor girls in his home, sexually assaulted these girls, and then gave them money. In or about 2005, Jane Doe, then 14 years old, fell into Epstein's trap and became one of his victims.

11. Upon information and belief, Jeffrey Epstein carried out his scheme and assaulted girls in Florida, New York and on his private island, known as Little St. James, in St. Thomas.

12. An integral player in Epstein's Florida scheme was Haley Robson, a Palm Beach

Community College student from Loxahatchee, Florida. She recruited girls ostensibly to give a wealthy man a massage for monetary compensation in his Palm Beach mansion. Under Epstein's plan, Ms. Robson would be contacted when Epstein was planning to be at his Palm Beach residence or soon after he had arrived there. Epstein or someone on his behalf directed Ms. Robson to bring one or more underage girls to the residence. Ms. Robson, upon information and belief, generally sought out economically disadvantaged underage girls from Loxahatchee and surrounding areas who would be enticed by the money being offered - generally $200 to $300 per "massage" session - and who were perceived as less likely to complain to authorities or have credibility if allegations of improper conduct were made. This was an important element of Epstein's plan.

13.  Epstein's plan and scheme reflected a particular pattern and method. Upon arrival at Epstein's mansion, Mr. Robson would introduce each victim to Sarah Kellen, Epstein's assistant, who gathered the girl's personal information, including her name and telephone number. Ms. Kellen would then bring the girl up a flight of stairs to a bedroom that contained a massage table in addition to other furnishings. There were photographs of nude women lining the stairway hall and in the bedroom. Ms. Kellen would then leave the girl alone in this room, whereupon Epstein would enter wearing only a towel. He would then remove his towel, lay down naked on the massage table, and direct the girl to remove her clothes. He then would perform one or more lewd, lascivious and sexual acts, including masturbation and touching the girl's vagina with a vibrator.

14.  Consistent with the foregoing plan and scheme, Ms. Robson recruited Jane Doe to give Epstein a massage for monetary compensation. Ms. Robson brought Jane to Epstein's mansion in Palm Beach. Jane was introduced to Sarah Kellen, who led her up the flight of stairs to the room with the massage table. She was alone in the room when Epstein arrived wearing only a towel. He

removed his towel, and laid down naked on the massage table. He demanded that Jane remove her clothes. In shock, fear and trepidation, Jane complied, removing her clothes except for her underwear. Epstein then sexually assaulted Jane.

15. After Epstein had completed the assault, he left the room. Jane was then able to get dressed, leave the room and go back down the stairs. She then met Ms. Robson again who brought Jane home. Jane was paid $300 by Epstein. Ms. Robson was paid $200 by Epstein for bringing Jane to him.

16. As a result of this encounter with Epstein, the 14-year old Jane experienced confusion, shame, humiliation, embarrassment and the assault sent her life into a downward spiral.

## COUNT I
### Sexual Assault

17. Plaintiff Jane Doe by and through her Father, as parent and natural guardian, repeats and realleges paragraphs 1 through 16 above.

18. Epstein tortiously assaulted Jane Doe sexually in or about 2005.

19. This sexual assault was in violation of Chapter 800 of the Florida Statutes, which recognizes as a crime the lewd and lascivious acts committed by Epstein upon Jane.

20. As a direct and proximate result of Epstein's assault on Jane, she has suffered and will continue to suffer severe and permanent traumatic injuries, including mental, psychological and emotional damages.

WHEREFORE, Plaintiff Jane Doe, by and through her Father, as parent and natural guardian, demands judgment against Defendant Jeffrey Epstein for compensatory damages, punitive damages, costs, and such other and further relief as this Court deems just and proper.

## COUNT II
## Intentional Infliction of Emotional Distress

21. Plaintiffs Jane Doe by and through her Father, as parent and natural guardian, Jane Doe's Father and Jane Doe's Stepmother, individually, repeat and reallege paragraphs 1 through 16 above.

22. Epstein's conduct was intentional or reckless.

23. Epstein's conduct was outrageous, going beyond all bounds of decency.

24. Epstein's conduct caused severe emotional distress not only to Jane Doe, but also to her parents, Jane Doe's Father and Jane Doe's Stepmother. Epstein knew or had reason to know that his intentional and outrageous conduct would cause emotional trauma and damage to Jane Doe's parents.

25. As a direct and proximate result of Epstein's intentional or reckless conduct, Jane Doe, Jane Does' Father and Jane Doe's Stepmother have suffered and will continue to suffer severe mental anguish and pain.

WHEREFORE, Plaintiffs Jane Doe by and through her Father, as parent and natural guardian, Jane Doe's Father and Jane Doe's Stepmother demand judgment against Defendant Jeffrey Epstein for compensatory damages, costs, punitive damages, and such other and further relief as this Court deems just and proper.

## COUNT III
## Loss of Parental Consortium

26. Plaintiff Jane Doe's Father repeats and realleges paragraphs 1 through 16 above.

27. Epstein's tortious conduct is the direct and proximate cause of damages to Jane Doe's Father, consisting of parental loss of comfort, companionship and society and healthcare costs

associated with the treatment of Jane.

28.　Jane Doe's Father experienced and will continue to experience great mental anguish, pain and suffering from the time that Defendant's tortious conduct occurred.

WHEREFORE, Plaintiff Jane Doe's Father demands judgment for loss of consortium damages, costs and such other and further relief as this Court deems proper.

### JURY TRIAL DEMAND

Plaintiffs demand a jury trial in this action.

Dated: January 24, 2008

Respectfully submitted,

HERMAN & MERMELSTEIN, P.A.
*Attorneys for Plaintiffs*
18205 Biscayne Blvd.
Suite 2218
Miami, Florida 33160
Tel: 305-931-2200
Fax: 305-931-0877

By:_____
Jeffrey M. Herman
jherman@hermanlaw.com
Florida Bar No. 521647
Stuart S. Mermelstein
smermelstein@hermanlaw.com
Florida Bar No. 947245
Adam D. Horowitz
Florida Bar No. 376980
ahorowitz@hermanlaw.com

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**
JANE DOE, by and through
JANE DOE's FATHER as parent and natural guardian, and JANE DOE's FATHER, and
JANE DOE's STEPMOTHER, individually,

**DEFENDANTS**
JEFFREY EPSTEIN

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT NEW YORK
(IN U.S. PLAINTIFF CASES ONLY)

**MAGISTRATE JUDGE JOHNSON**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
PALM BEACH COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

**08-80069**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Herman & Mermelstein, P.A., 18205 Biscayne Blvd., Suite 2218, Miami, FL 33160, (305) 931-2200

ATTORNEYS (IF KNOWN)

**CIV-MARRA**

9:08CV 80069-KAM Johnson

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** PALM BEACH

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)

|  | PTF | DEF |
|---|---|---|
| Citizen of This State | x 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | x 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 |

PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT

|  | PTF | DEF |
|---|---|---|
| Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
**DIVERSITY ACTION UNDER 28 U.S.C. §1332(a) FOR SEXUAL ASSAULT**

**IVa.** _5_ days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) B
- ☐ 153 Recovery of Overpayment of Veteran's Benefits B
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- x 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personnel Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personnel Property Damage
- ☐ 385 Property Damage Product Liability

**B FORFEITURE PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**A OTHER STATUS**
- ☐ 400 Status Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc. B
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12USC3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions* * A or B

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure B
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- X 440 Other Civil Rights

**B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General*
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other*
- ☐ 550 Civil Rights *A or B

**A LABOR**
- X 710 Fair Labor Standards Act
- ☐ 720 Labor Management Relations B
- ☐ 730 Labor Management Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act B

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

Declaratory relief and state law claims for defamation

**FILED by ___ D.C. INTAKE**
**JAN 24 2008**
**CLARENCE MADDOX**
**CLERK U.S. DIST. CT.**
**S.D. OF FLA. FT. LAUD.**

## VI. ORIGIN
- x 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refilled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23
☐ CLASS ACTION
DEMAND $ ☐
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
**(SEE ATTACHED)**
JUDGE _____  DOCKET NUMBER _____

DATE 1/24/08
SIGNATURE OF ATTORNEY OF RECORD _____

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. _____ Amount: 350.
Date Paid: 342107 M/ifp: _____