UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-80069 CIV-MARRA/JOHNSON

JANE DOE NO.1, by and through
JANE DOE's FATHER as parent and natural
guardian, and JANE DOE's FATHER, and
JANE DOE's STEPMOTHER, individually,

       Plaintiffs,

vs.

JEFFREY EPSTEIN,

       Defendant.

_____/

## MOTION TO INTERVENE AND SUPPORTING MEMORANDUM OF LAW

Applicant, JANE DOE'S MOTHER, individually and as parent and natural guardian of JANE DOE NO. 1, by and through the undersigned counsel, moves this Court, pursuant to Federal Rule of Civil Procedure 24(b), for leave to intervene as a plaintiff in this action in order to assert the claims against Defendant JEFFREY EPSTEIN set forth in Applicant's proposed complaint (*attached hereto as EXHIBIT "A"*).  In support of this motion, Applicant states that:

1. Applicant has claims that share common questions of law or fact with the main action.

2. Applicant's motion to intervene is timely.

3. The original parties to this action will not be prejudiced by the intervention of Applicant.

4. Pursuant to Local Rule 7.1.A.3, counsel for Applicant, in a good faith attempt to resolve this dispute, made a reasonable effort to confer with all parties who may be affected by

her intervention in this action. Counsel for Applicant conferred with Counsel for JANE DOE'S FATHER, who do not agree to her intervention in this action.

## **MEMORANDUM OF LAW**

Under Federal Rule of Civil Procedure 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." "Rule 24(b) should be liberally construed. 'Basically, anyone may be permitted to intervene if his claim and the main action have a common question of law or fact,' unless the court in its 'sound discretion (determines that) the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Moore v. Tangipahoa Parish School Bd.*, 298 F. Supp. 288, 292-93 (D.C. La. 1969) (quoting *Allen v. County School Board of Prince Edward County*, 28 F.R.D. 358, 363 (E.D. Va. 1961)) (citation and footnote omitted).

Applicant, JANE DOE'S MOTHER, is the parent and natural guardian of JANE DOE NO. 1. As demonstrated in the attached proposed complaint, Applicant has claims for the same causes of action as JANE DOE'S FATHER. Therefore, her claims share common questions of law and fact with the main action. Applicant's motion to intervene is timely because it has been filed within days of the filing of the initial complaint in this action. And, because this action has just been initiated, permitting Applicant to intervene at this stage will not unduly delay the proceedings or prejudice the original parties.

**WHEREFORE**, Applicant, JANE DOE's MOTHER, respectfully requests the Court grant her motion to intervene and accept the attached proposed Intervenor's Complaint as filed.

Dated: January 29th, 2008

Respectfully submitted,

RICCI~LEOPOLD, P.A.
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
Phone: 561-684-6500
Fax:    561-697-2383

By: /s/Theodore J. Leopold, Esq.
    THEODORE J. LEOPOLD
    Florida Bar No. 705608
    tleopold@riccilaw.com

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically on January 29th , 2008 with the Clerk of the Court through ECF, and that ECF will send an e-notice of the electronic filing to the following: Jeffrey M. Herman, jherman@hermanlaw.com; Stuart S. Mermelstein,        smerme1stein@herman1aw.com;        Adam        D.        Horowitz, ahorowitz@hennan1aw.com.

    /s/Theodore J. Leopold, Esq.
    THEODORE J. LEOPOLD, ESQ.
    Florida Bar No. 705608
    RICCI~LEOPOLD, P.A.
    2925 PGA Boulevard, Suite 200
    Palm Beach Gardens FL 33410
    Phone: 561-684-6500;
    Fax: 561-515-2610
    Email:  tleopold@riccilaw.com
