# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80069 CIV-MARRA/JOHNSON

JANE DOE NO.1, by and through
JANE DOE's FATHER as parent and natural
guardian, and JANE DOE's FATHER, and
JANE DOE's STEPMOTHER, individually,

      Plaintiffs,

JANE DOE'S MOTHER, individually and as parent
and natural guardian of JANE DOE NO. 1,

      Intervenor-Plaintiff,

vs.

JEFFREY EPSTEIN,

      Defendant.
_____/

## INTERVENOR'S COMPLAINT

Intervenor-Plaintiff, JANE DOE's MOTHER, individually and as parent and natural guardian of JANE DOE NO. 1, by and through the undersigned counsel, brings this Complaint against Defendant JEFFREY EPSTEIN, and as grounds states as follows:

### Parties, Jurisdiction and Venue

1. Jane Doe No. 1 is a citizen and resident of the State of Florida. She is a minor under the age of 18 years.

2. Jane Doe's Mother brings this action individually and as parent and natural guardian of Jane Doe No. 1. Jane Doe's Mother is a citizen and resident of the State of Georgia.

3. This Complaint is brought under fictitious names to protect the identity of the Minor Plaintiff because this Complaint makes sensitive allegations of sexual assault and abuse upon a minor.

4. Defendant Jeffrey Epstein is a citizen and resident of the State of New York.

5. This is an action for damages in excess of Fifty Million ($50,000,000.00) Dollars.

**Factual Allegations**

6. At all relevant times, Defendant Jeffrey Epstein ("Epstein") was an adult male, 52 years old. Epstein is a financier and money manager with a secret clientele limited exclusively to billionaires. He is himself a man of tremendous wealth, power and influence. He maintains his principal home in New York and also owns residences in New Mexico, St. Thomas and Palm Beach, FL. The allegations herein concern Epstein's conduct while at his lavish estate in Palm Beach.

7. Upon information and belief, Epstein has a sexual preference and obsession for underage minor girls. He engaged in a plan and scheme in which he gained access to primarily economically disadvantaged minor girls in his home, sexually assaulted these girls, and then gave them money. In or about 2005, Jane Doe, then 14 years old, fell into Epstein's trap and became one of his victims.

8. Upon information and belief, Jeffrey Epstein carried out his scheme and assaulted girls in Florida, New York and on his private island, known as Little St. James, in St. Thomas.

9. An integral player in Epstein's Florida scheme was Haley Robson, a Palm Beach Community College student from Loxahatchee, Florida. She recruited girls ostensibly to give a wealthy man a massage for monetary compensation in his Palm Beach mansion. Under Epstein's plan, Ms. Robson would be contacted when Epstein was planning to be at his Palm Beach residence or soon after he had arrived there. Epstein or someone on his behalf directed Ms.

Robson to bring one or more underage girls to the residence. Ms. Robson, upon information and belief, generally sought out economically disadvantaged underage girls from Loxahatchee and surrounding areas who would be enticed by the money being offered - generally $200 to $300 per "massage" session – and who were perceived as less likely to complain to authorities or have credibility if allegations of improper conduct were made. This was an important element of Epstein's plan.

10. Epstein's plan and scheme reflected a particular pattern and method. Upon arrival at Epstein's mansion, Mr. Robson would introduce each victim to Sarah Kellen, Epstein's assistant, who gathered the girl's personal information, including her name and telephone number. Ms. Kellen would then bring the girl up a flight of stairs to a bedroom that contained a massage table in addition to other furnishings. There were photographs of nude women lining the stairway hall and in the bedroom. Ms. Kellen would then leave the girl alone in this room, whereupon Epstein would enter wearing only a towel. He would then remove his towel, lay down naked on the massage table, and direct the girl to remove her clothes. He then would perform one or more lewd, lascivious and sexual acts, including masturbation and touching the girl's vagina with a vibrator.

11. Consistent with the foregoing plan and scheme, Ms. Robson recruited Jane Doe to give Epstein a massage for monetary compensation. Ms. Robson brought Jane to Epstein's mansion in Palm Beach. Jane was introduced to Sarah Kellen, who led her up the flight of stairs to the room with the massage table. She was alone in the room when Epstein arrived wearing only a towel. He removed his towel, and laid down naked on the massage table. He demanded that Jane remove her clothes. In shock, fear and trepidation, Jane complied, removing her clothes except for her underwear. Epstein then sexually assaulted Jane.

12. After Epstein had completed the assault, he left the room. Jane was then able to get dressed, leave the room and go back down the stairs. She then met Ms. Robson again who brought Jane home. Jane was paid $300 by Epstein. Ms. Robson was paid $200 by Epstein for bringing Jane to him.

13. As a result of this encounter with Epstein, the 14-year old Jane experienced confusion, shame, humiliation, embarrassment and the assault sent her life into a downward spiral.

## COUNT I
### Intentional Infliction of Emotional Distress

14. Intervenor-Plaintiff JANE DOE's MOTHER repeats and realleges paragraphs 1 through 13 above.

15. Epstein's conduct was intentional or reckless.

16. Epstein's conduct was outrageous, going beyond all bounds of decency.

17. Epstein's conduct caused severe emotional distress not only to Jane Doe, but also to her parents, including Jane Doe's Mother. Epstein knew or had reason to know that his intentional and outrageous conduct would cause emotional trauma and damage to Jane Doe's parents.

18. As a direct and proximate result of Epstein's intentional or reckless conduct, Jane Doe's Mother has suffered and will continue to suffer severe mental anguish and pain.

WHEREFORE, Intervenor-Plaintiff Jane Doe's Mother demands judgment against Defendant Jeffrey Epstein for compensatory damages, costs, punitive damages, and such other and further relief as this Court deems just and proper.

## COUNT II
### Loss of Parental Consortium

19. Plaintiff Jane Doe's Mother repeats and realleges paragraphs 1 through 13 above.

20. Epstein's tortious conduct is the direct and proximate cause of damages to Jane Doe's Mother, consisting of parental loss of comfort, companionship and society and healthcare costs associated with the treatment of Jane.

21. Jane Doe's Mother experienced and will continue to experience great mental anguish, pain and suffering from the time that Defendant's tortious conduct occurred.

WHEREFORE, Plaintiff Jane Doe's Mother demands judgment for loss of consortium, damages, costs and such other and further relief as this Court deems proper.

### JURY TRIAL DEMAND

Intervenor-Plaintiff demands a jury trial in this action.

Dated: January ____, 2008                                  Respectfully submitted,

                                                           RICCI~LEOPOLD, P.A.
                                                           2925 PGA Blvd., Suite 200
                                                           Palm Beach Gardens, FL 33410
                                                           Phone: 561-684-6500
                                                           Fax:   561-697-2383

                                                           By:_____
                                                           THEODORE J. LEOPOLD, Esq.
                                                           Florida Bar No.: 705608

I HEREBY CERTIFY that a true and correct copy of the foregoing Intervenor's Complaint was filed electronically on _____, 2008 with the Clerk of the Court through ECF, and that ECF will send an e-notice of the electronic filing to the following: Jeffrey M.

Page 5 of 6

Herman, jherman@hermanlaw.com; Stuart S. Mermelstein, smermelstein@hermanlaw.com; Adam D. Horowitz, ahorowitz@hennanlaw.com.

RICCI~LEOPOLD, P.A.
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
Phone: 561-684-6500
Fax:    561-697-2383

By:_____
     THEODORE J. LEOPOLD, Esq.
     Florida Bar No.: 705608

Page 6 of 6