UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-80069-CIV-MARRA/JOHNSON

JANE DOE NO. 1, by and through
JANE DOE's FATHER as parent and natural
guardian, and JANE DOE's FATHER, and
JANE DOE's STEPMOTHER, individually,

       Plaintiffs,

vs.

JEFFREY EPSTEIN,

       Defendant.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO STAY PROCEEDINGS PENDING
JANE DOE NO. 1 REACHING AGE OF MAJORITY**

    Plaintiffs, Jane Doe No. 1, by and through Jane Doe's Father as parent and natural guardian, and Jane Doe's Father and Jane Doe's Stepmother, individually, submit this Memorandum of Law in Opposition to Motion to Stay Proceedings Pending Jane Doe No. 1 Reaching Age of Majority, as follows:

### I.    Introduction

    This action alleges the sexual assault of Plaintiff Jane Doe No. 1 ("Jane Doe") by the Defendant when she was 14 years old. The Motion to Stay Proceedings filed by Jane Doe's Mother is without basis and should be stricken or denied for the following reasons:

    1.    It fails to include or be accompanied by a memorandum of law, in violation of S.D.Fla.L.R. 7.1(A)(1). This failure is particularly glaring here, as there is no obvious or apparent legal basis for the stay sought by Jane Doe's Mother, and in preparing this Memorandum of Law in Opposition, Plaintiff is left to guess at the authorities relied upon by Jane Doe's Mother.

2. The Motion to Stay was not served on all parties as shown on the Motion's Certificate of Service. Only Plaintiff's counsel was served with the Motion. As a result, notice of the relief sought by Jane Doe's Mother is fatally defective.

3. Jane Doe's Father, by Court Order, was awarded full custody of the Minor Plaintiff, and is thus her sole natural guardian. Jane Doe's Mother is not Jane Doe's natural guardian under Florida law, and thus has no standing to seek a stay of this action on behalf of Jane Doe.

4. A stay would serve no constructive purpose or function in this litigation, but would only unnecessarily delay this case.

Based on any or all of the foregoing grounds, as further discussed below, the Motion to Stay should be denied.

## II.   Argument

### THE MOTION TO STAY IS PROCEDURALLY AND SUBSTANTIVELY DEFECTIVE

#### A.   The Motion to Stay Violates the Local Rules and Was Served Without Sufficient Notice

Under S.D.Fla.L.R. 7.1(A)(1), "[e]very motion when filed shall include or be accompanied by a memorandum of law citing supporting authorities. . . ."[1] No such memorandum of law was filed with the Motion to Stay. Plaintiff is prejudiced by this omission because he has had no notice of what authorities Jane Doe's Mother relies upon for the relief sought in her Motion. As a result, the Motion to Stay is defective and should be stricken.

The Motion to Stay also raises due process concerns because it was not served on all parties according to the Certificate of Service accompanying the Motion. The Defendant has not yet filed an appearance in the case, and his response to the Complaint is not yet due. The Motion to Stay is

---

[1] The stated exceptions to Rule 7.1(A)(1) are inapplicable here.

therefore premature and defective for lack of notice.

### B. Jane Doe's Mother is Not Jane Doe's Natural Guardian, and Therefore Has No Standing to Seek a Stay on Her Behalf

The Motion to Stay and supporting Affidavit of Jane Doe's Mother contain the following false and misleading statements:

> a. "Jane Doe No. 1 is a minor child . . . *who is under the joint control of her parents and natural guardians, Jane Doe's Father and Jane Doe's Mother*, who are divorced." (Motion to Stay Proceedings, ¶ 1) (emphasis supplied).

> b. "I am the mother *and natural guardian* for Jane Doe No. 1. . . ." (Affidavit of Dawn LaVogue Sandberg, Exh. "A" to Motion to Stay, ¶ 1) (emphasis supplied).

Jane Doe's Mother does not have "joint control" or legal custody of Jane Doe, and is not her natural guardian under Florida law. Jane Doe's Mother and Jane Doe's Father entered into a Custodial Parent Modification dated March 28, 2006. This Modification was granted by Court Order dated April 25, 2006. (A copy of the Custodial Parent Modification and the Order Granting Custodial Parent Modification are attached hereto as Composite Exhibit "A").[2] The Custodial Parent Modification states as follows: **"Full Parental Custody of both minor children shall be granted to former husband [Jane Does' Father]."** (Custodial Parent Modification, ¶ 3) (emphasis supplied).

Under Florida statutory law, in the case of a dissolved marriage, only the parent awarded custody can be the natural guardian of the minor child: "If the marriage between the parents is dissolved, *the natural guardianship belongs to the parent to whom custody of the child is awarded*." §744.301(1), Fla. Stat. (emphasis supplied). It is therefore abundantly clear that Jane

---

[2] The names of Jane Doe and Jane Doe's Father are redacted from Exhibit "A" hereto to protect the Minor Plaintiff's anonymity. (See Complaint ¶ 4).

Herman & Mermelstein, P. A.                                              www.hermanlaw.com

Doe's Father, as the custodial parent, is *the* natural guardian, and *the only* natural guardian, of Jane Doe. As the natural guardian, Jane Doe's Father may sue on behalf of Jane Doe. See Fed.R.Civ.P. 17(b) (providing that capacity to sue or be sued shall be determined by the law of the state in which the district court is held). Because Jane Doe's Father, as her natural guardian, represents her interests in this lawsuit, there is no legal basis for Jane Doe's Mother to assert the right to represent Jane Doe. Jane Doe's Mother lacks standing to seek a stay or other relief from this Court on behalf of Jane Doe.

### C. There Is No Legal Basis for a Stay

A stay of proceedings may be appropriate in a situation where it will avoid piecemeal litigation, conserve judicial resources, aid in the comprehensive disposition of the litigation, or serve as a means of controlling the district court's docket. See American Manufacturers Mutual Ins. Co. v. Edward D. Stone Jr. & Assoc., 743 F.2d 1519 (11th Cir. 1984). For example, a stay may be considered in a case where there is another pending lawsuit or administrative proceeding addressing the identical issues. See Ortega Trujillo v. Conver & Co. Communications, Inc., 225 F.3d 1262 (11th Cir. 2000). Even then, a case in federal court should not be stayed absent "exceptional circumstances." American Manufacturers, 743 F.2d at 1524-1525. Here, the only conceivable purpose that would be served by a stay is delay, which would be to Jane Doe's prejudice. A stay would not be in the interests of judicial economy and efficiency, and would not aid in a resolution of this litigation. Because there is no legitimate argument for a stay in this case, the Motion should be denied.

### III.    Conclusion

Based on the foregoing, the Motion to Stay is defective, deficient and meritless.  Denial of the Motion is appropriate on multiple, alternative grounds.  Plaintiffs therefore respectfully request that the Motion to Stay be denied.

Dated: February 13, 2008                            Respectfully submitted,

                By:        s/ Jeffrey M. Herman _____      .
                  Jeffrey M. Herman (FL Bar No. 521647)
                  jherman@hermanlaw.com
                  Stuart S. Mermelstein (FL Bar No. 947245)
                  smermelstein@hermanlaw.com
                  Adam D. Horowitz (FL Bar No. 376980)
                  ahorowitz@hermanlaw.com
                  HERMAN & MERMELSTEIN, P.A.
                  *Attorneys for Plaintiffs Jane Doe et al.*
                  18205 Biscayne Blvd., Suite 2218
                  Miami, Florida  33160
                  Tel:  305-931-2200
                  Fax: 305-931-0877

### CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2008,  I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on the following, via transmission of Notices of Electronic Filing generated by CM/ECF:

Theodore Jon Leopold
tleopold@riccilaw.com


                            /s/ Jeffrey M.  Herman         .